United States District Court
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
JAN 27, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

William Brockhaus,
Plaintiff,
v.
Luis Miguel Gallego Basteri,
Defendant.

CV 16-6275-VAP (JPRx)

**Order Granting Ex Parte Application for Turnover Order Under Cal. Civ. Proc. Code §§ 699.040, 699.030(a)**

On January 23, 2017, William Brockhaus ("Plaintiff") filed his Ex Parte Application for Seizure/Turnover Order in Aid of Execution ("Motion"). (Doc. No. 21.) Plaintiff did not provide Defendant with notice of this Motion and asks notice be waived under Local Rule 7-19.2. (Id. at 5.)

## I. PROCEDURAL BACKGROUND

On August 18, 2016, Plaintiff registered a judgment against Defendant from the United States District Court for the Southern District of New York, in which Plaintiff was awarded $1,043,483.77 in a breach of contract action. (Doc. No. 1.) The Court issued a writ of execution on August 22, 2016, and Plaintiff now applies for a turnover order pursuant to sections 699.030 and 699.040 of the California Code of Civil Procedure. (Doc. No. 21.)

United States District Court
Central District of California

United States District Court
Central District of California

# II. DISCUSSION

## A. Waiver of Notice

In Plaintiff's counsel's declaration, counsel states Plaintiff "should not be required to inform the judgment debtor or the judgment debtor's attorney when and where this application will be made . . . because the judgment debtor may conceal, destroy or dissipate the [property sought to be levied upon] before a hearing could be held." Accordingly, the Court finds the interests of justice require this Motion be heard without notice pursuant to Local Rule 7-19-2.

## B. Requirements for a Turnover Order

Section 699.040 of the California Code of Civil Procedure states, "[i]f a writ of execution is issued, the judgment creditor may apply to the court ex parte . . . for an order directing the judgment debtor to transfer to the levying officer . . . Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody." Cal. Civ. Proc. Code § 699.040(a). The Court may issue such an order "upon a showing of need for the order." § 699.040(b). "The order [must] be personally served on the judgment debtor and [must] contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to arrest and punishment for contempt of court." § 699.040(c). When the property sought to be levied upon is in a public place, an order pursuant to section 699.040 is all that is required for a levying officer to take the property into custody.

On the other hand, if the property is in a private place, such as a judgment debtor's home, section 699.030(a) of the California Code of Civil Procedure states such an order will only permit the levying officer to "demand delivery of the

United States District Court
Central District of California

property by the judgment debtor and . . . advise the judgment debtor that the judgment debtor may be liable for costs and attorney's fees incurred in any further proceedings to obtain delivery of the property. If the judgment debtor does not deliver the property, the levying officer shall make no further effort to obtain custody of the property." § 699.030(a). Thus, if the judgment creditor wants the levying officer to enter a private place to take the property, the creditor must apply for an order under section 699.030(b). § 699.030(b). To do so, the creditor must submit an application describing "with particularity both the property sought to be levied upon, and the place where it is to be found," and the creditor must establish "there is probable cause to believe that property sought to be levied upon is located in the place described." Id.

Here, the Court issued a writ of execution against Defendant on August 22, 2016. (Doc. No. 7.) Plaintiff's Motion requests the Court order the U.S. Marshal Service to take Defendant's car into custody. (Doc. No. 21 at 2.) Plaintiff describes the car with particularity by listing its make, vehicle identification number, license plate number, year, and color, and Plaintiff lists Defendant's name and address. (Id.) Plaintiff's counsel also submitted a declaration stating he "consulted with the U.S. Marshal regarding a levy on the vehicle and was informed that they could not proceed with a levy absent a turnover order as the vehicle is located at the [Defendant's] home." (Id. at 6.) Thus, Plaintiff has made a sufficient "showing of need for the order" under section 699.040. Plaintiff, however, has not shown "there is probable cause to believe that property sought to be levied upon" is located at the address listed for Defendant. Although Plaintiff asserts a U.S. Marshal told him "the vehicle is located at [Defendant's] home," Plaintiff's previous filings show Defendant is a successful recording artist who often performs on tour. (Doc. No. 15-

United States District Court
Central District of California

1 ¶ 3.) Thus, it is unclear if the U.S. Marshal's statement indicates (1) Defendant's car is located at the address Plaintiff provided or (2) Defendant's car is located at another place Defendant may be staying. Accordingly, this unidentified hearsay statement does not provide the probable cause necessary for the U.S. Marshal Service to enter into a private place and take custody of Defendant's car under section 699.030(b).

Therefore, if the vehicle is in a public place, the U.S. Marshal Service may take the vehicle into custody, and if the vehicle is in a private place, the U.S. Marshal Service may take the actions permitted by section 699.030(a). Since Plaintiff, however, has not shown probable cause exists to believe the car is at the address listed for Defendant, the U.S. Marshal Service may not enter a private place to take the property under 699.030(b).

## III. CONCLUSION

For the reasons stated above, Defendant shall transfer to the U.S. Marshal for the Central District of California the following described property:

Rolls Royce
Year 2013
Lic. 7EOK776
VIN: SCA681L5XDUX72012
Color: Black

If the vehicle is in a public place, the U.S. Marshal Service may take the vehicle into custody, and if the vehicle is in a private place, the U.S. Marshal Service

United States District Court
Central District of California

may take the actions permitted by section 699.030(a). The U.S. Marshal Service may not, however, enter a private place to take the property under 699.030(b).

This order shall be served on the judgment debtor, at or before the time of the vehicle levy. Notice may be served by a licensed and duly registered private process server in conformity with Local Rule 64, and NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR TO COMPLY WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTOR TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.

**IT IS SO ORDERED.**

Dated: 1/27/17

Virginia A. Phillips
Chief United States District Judge